# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEANNINE JANET RIVERS,

           Plaintiff,

    v.                                                  Case No. 19-CV-988

B BRAUN MEDICAL INC, et al.,

           Defendants.

# ORDER

Jeannine Janet Rivers's "Motion to File Exhibits Under Seal" (ECF No. 55.) is **denied without prejudice**. The court does not find good cause to "seal" the exhibits. Sealing restricts access to an e-filed document to all but court users. The filer must then serve the document in paper to any other party. On the other hand, a "restricted" document is accessible to any party in the case. The plaintiff filed the documents as restricted rather than sealed but her motion asks that the documents be sealed.

Further, each exhibit must be filed individually as a separate attachment. The plaintiff filed six exhibits as a single file totaling 482 pages. Moreover, aside from the plaintiff's medical records designated as Exhibit A, the court does not find good cause to restrict the entirety of the documents submitted. To the extent feasible, all documents

filed in court should be made public. A party's designation of a document as "confidential" is not, by itself, good cause to permanently restrict it from public view. Rather, redactions should be used to narrowly redact only the specific portions that are truly confidential.

Therefore, within **seven days** of this order the plaintiff shall file a renewed motion to restrict documents. Each exhibit shall be filed as a separate attachment to the motion. And as to each document, with the exception of the plaintiff's medical records, two versions of the document shall be filed: a public version that narrowly redacts only the specific portions that are truly confidential and an unredacted version that will be restricted to case participants.

Similarly, the defendants' "Motion to File Documents Under Seal" (ECF No. 58) is **granted in part and denied without prejudice in part**. Again, the court construes the motion as seeking only that the documents be restricted to case participants rather than sealed. However, the defendants have restricted far more than what is truly confidential.

As the court understands the defendants' filings, they attached ten documents to their motion to seal and asked that they be sealed. They then filed those documents multiple times as attachments to their various motions (restricting them to case participants). To minimize the additional work for the defendants, the court will not require that they refile their various substantive motions (ECF Nos. 59, 60, 61, 63, 64, 65)

and exhibits. But to ensure that the court is complying with its obligation to make court records as public as possible, the defendants must file a renewed motion to restrict documents. The court approves restricting to case participants the documents filed as ECF Nos. 58-5 (distributorship agreement), 58-8 (plaintiff's medical records), 58-10 (life care plan), and 58-11 (supplement to life care plan).

As to the other documents, within **seven days** the defendants must file a renewed motion to restrict. Attached to that motion shall be two versions of each document: a public version that redacts only the specific portions that are truly confidential and an unredacted version that is restricted to case participants.

Insofar as a party seeks to restrict a document solely because it was designated confidential by an opponent, the filer shall first confer with the designating party as to the scope of redactions. Again, a party's designation of a document as confidential does not, by itself, establish good cause for permanently keeping the whole document from the public. Improper over-redaction may result in the court denying the motion to restrict and ordering that the document be filed publicly.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 20th day of March, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge